UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL JACKSON,

                                Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                       15-CV-6531L

                 v.

D. HERR,
Correctional Officer at Wende Correctional Facility,
C. ZALUSKI,
Correctional Counselor at Wende Correctional Facility,
E. MEYER,
Correctional Captain at Wende Correctional Facility,
JOHN LEMPKE,
Superintendent at Wende Correctional Facility,
DONALD VENETTOZZI,
Director of Special Housing Unit/Inmate Disciplinary
Program; all sued in their individual and official capacities,

                                Defendants.
_____

       Plaintiff, Nathaniel Jackson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants violated his constitutional rights in various ways during plaintiff's confinement at Wende Correctional Facility.

Plaintiff has moved for preliminary injunction, as detailed below. For the following reasons, his motion is denied.

**DISCUSSION**

To prevail on a motion for a preliminary injunction, the movant must demonstrate "'(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). *Accord UBS Financial Services, Inc. v. West Virginia Univ. Hospitals, Inc.*, 660 F.3d 643, 647-48 (2d Cir. 2011). Applying these standards here, I find that plaintiff's motion fails with respect to both the "harm" and "success" prongs.

The gist of plaintiff's allegations is that defendants falsely accused him of having sexual contact with his wife, in violation of prison rules, during a visit by her to see plaintiff at Wende in May 2015. Plaintiff further alleges that the resulting disciplinary proceedings were unfair in several respects. Plaintiff was found guilty of the charges against him and sentenced to six months in the Special Housing Unit ("SHU"), six months' loss of privileges, and 365 days' loss of visitation rights. The SHU term and loss of privileges were later reduced to 90 days, *see* Dkt. #19 at 8, and apparently plaintiff is no longer in SHU, but the visitation sentence remains unchanged.

In support of his application for a preliminary injunction, plaintiff alleges that he "is being deprived of all visits including visits with his attorney." Jackson Decl. (Dkt. #21) ¶ 2. Plaintiff contends that this denial, as well as the fact of the finding of guilt on the disciplinary charges, has jeopardized his chances for parole. He states that these circumstances led him to obtain a six-month adjournment of a parole board hearing that had been scheduled for December 2015. Plaintiff also alleges that the continued denial of visitation rights has caused him and his family great distress.

Defendants do not appear to dispute that in general, prison inmates have a qualified right under the Sixth Amendment to communicate with their attorneys, *see, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 909-10 (9th Cir. 2014); *Al-Amin v. Smith*, 511 F.3d 1317, 1331-34 (11th Cir. 2008). But as defendants point out, the evidence here does not show that plaintiff has in fact been denied any visits from his lawyer, or that his ability to communicate with his attorney has been curtailed or impaired.

Plaintiff's allegations and the other evidence do not show that any particular lawyer has in fact been prevented from seeing him. Plaintiff's allegation about being denied visits from his attorney appears to be based on a visitor list generated in connection with the guilty finding on the charges against him. One name on that list, James C. Neville, is identified as a lawyer. Dkt. #19 at 10.

According to defendants, this list was automatically generated following the imposition of the no-visitation penalty against plaintiff, and simply identifies every person who visited plaintiff during a certain previous time period. Neville is listed as having last visited plaintiff on February 18, 2014, and the oldest visit is from a "friend" who visited on July 13, 2013. Dkt. #19 at 10. But

- 3 -

according to defendants, neither Neville nor any other lawyer has ever been prevented from meeting with plaintiff. Defendants also contend that according to DOCCS policies, a loss of visitation rights does not extend to attorney visits, as a general rule.

Plaintiff has presented no evidence to contradict those assertions. He does not identify any particular lawyer who has been prevented from visiting him, or any instance in which a requested visit was denied. All that the evidence shows is that in connection with the disposition of plaintiff's administrative charges, one lawyer was listed as having met with plaintiff in February 2014, over a year before the penalty was imposed. There is no evidence that he, or any other lawyer, has ever been prevented from visiting, or contacting, plaintiff since then, or that plaintiff has been prevented from contacting a lawyer.[1]

Plaintiff's contention that his ongoing restrictions and his guilty finding adversely affect his chances for parole are also unavailing. For one thing, plaintiff has not demonstrated that he would likely be granted parole, were it not for his disciplinary-violation finding. His contention that this blot on his record is standing between him and parole is speculative, at best. *See Rheaume v. Pallito*, No. 15-cv-135, 2015 7300790, at *3 (D.Vt. Oct. 22, 2015) (denying prisoner's request for an injunction directing that he be allowed to attend sex-offender programming, where plaintiff had not demonstrated that he would be granted parole if he did so); *Catanzaro v. Michigan Dep't of Corrections*, No. 08-11173, 2008 WL 5273602, at *4 (E.D.Mich. Dec. 17, 2008) ("Plaintiff alleges,

---

[1] Defendants have submitted evidence that in February 2015, DOCCS received a request from the NYS Prisoner Assistance Center that they be "added to this inmates [sic] negative correspondence list" and that their phone number be "removed from his approved caller list," and that this request was granted. Dkt. #19 at 15. But this appears to have nothing to do with the no-visit penalty imposed on plaintiff, nor has he asserted this as a basis for his claims.

without any factual corroboration, that unless a TRO issues, he will be denied parole. On the contrary, this Court has no idea what the Parole Board, which is vested with discretion to decide parole issues, will do").

The only other harm alleged by plaintiff is his loss of visitation rights in general. On that score, too, I see no basis for a finding of irreparable harm. And though this finding renders it unnecessary for the Court to reach the merits of plaintiff's claims, I find that he fails to meet the likelihood-of-success prong as well. The claimed harms here relate simply to the ordinary consequences of the punishment imposed based on plaintiff's guilty finding, *i.e.* his loss of visitation rights. Courts have routinely upheld such penalties, and I see no basis for a finding of irreparable harm or a likelihood of success on the merits, particularly since plaintiff still has alternate means of communicating with his family. *See Marrero v. Weir*, No. 13-cv-28, 2013 WL 6842716, at *3 (D.Conn. Dec. 27, 2013) (noting that "[c]ourts routinely hold that a prisoner's telephone and visitation privileges may be limited, and stating that "[b]ecause alternate channels for communication [with his relatives] exist, plaintiff has not demonstrated irreparable harm sufficient to warrant preliminary injunctive relief"). *See also Mills v. Fischer*, No. 09-CV-966, 2011 WL 91028, at *2 (W.D.N.Y. Jan. 11, 2011) ("there is no constitutional right to visitation for convicted prisoners and their family members; family visitations for inmates only constitute a privilege and not a right") (quotation omitted).

## CONCLUSION

Plaintiff's motion for a preliminary injunction (Dkt. #10) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 11, 2016.