UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL JACKSON,

                                    Plaintiff,

                                    v.

D. HEER, Correctional Officer at Wende
Correctional Facility, et al.,

                                    Defendants.
_____

                                    <u>DECISION AND ORDER</u>

                                    15-CV-6531L

Plaintiff, Nathaniel Jackson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. At the time that he filed the complaint in August 2015, plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). He alleges that defendants violated his constitutional rights in various ways during plaintiff's confinement at Wende Correctional Facility.

Plaintiff has sued five defendants: Correction Officer D. Heer, Counselor C. Zaluski, Captain E. Meyer, Wende Superintendent John Lempke, and Director of Special Housing Unit/Inmate Disciplinary Program Donald Vennetozzi. In general, plaintiff alleges that defendants have violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.

Defendants have moved to dismiss certain claims pursuant to Rule 12 of the Federal Rules of Civil Procedure, and have moved for summary judgment in lieu of an answer as to other

claims, pursuant to Rule 56.[1]  (Dkt. #24.)  Plaintiff has responded to the motion.  (Dkt. #35.)[2]
For the following reasons, defendants' motion is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff's claims arise out of a series of events that occurred in 2015.  The gist of his claims is that on May 9, 2015, when plaintiff was attending a visit from his wife, Heer made some lewd comments, and after plaintiff objected, Heer cut the visit short.  Plaintiff alleges that Heer then filed a false misbehavior report against plaintiff, accusing him of sexual misconduct with his wife and other violations.

After a hearing before defendant Meyer, plaintiff was found guilty of all charges.  He was initially sentenced to 180 days' confinement in the Special Housing Unit ("SHU") and loss of certain privileges, as well as 365 days' loss of visitation rights.  On administrative appeal, the term of SHU confinement and loss of privileges was reduced to 90 days, although the loss of visitation rights was kept at 365 days.  Dkt. #24-2 at 9.

In this action, plaintiff has brought the following claims:  (1) a claim that Heer violated plaintiff's First Amendment, Eighth Amendment, and due process rights, and that Heer defamed plaintiff and filed a false misbehavior report against him; (2) a claim that Zaluski (who had been

---

[1] "Although summary judgment is generally not appropriate until after some discovery has occurred in a case, a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome."  *Green v. Harris*, 309 F.Supp.3d 10, 12 (W.D.N.Y. 2018) (citations omitted).

[2] In his response to defendants' motion, plaintiff requests summary judgment on the issue of liability.  Since plaintiff never formally moved for summary judgment, no cross-motion by plaintiff is pending.  But for the reasons stated below with respect to defendants' motion, the Court concludes that plaintiff is not entitled to summary judgment.

assigned to assist plaintiff in connection with the disciplinary proceeding) violated plaintiff's due process rights by failing to provide him adequate assistance; (3) a claim that Meyer violated plaintiff's First Amendment, Eighth Amendment, and due process rights in connection with Meyer's conduct of the disciplinary proceeding; and (4) claims that Lempke and Venettozzi violated plaintiff's First Amendment, Eighth Amendment, and due process rights by failing to overturn the guilty finding against plaintiff. Plaintiff has sued all five defendants in both their individual and official capacities.

For relief, plaintiff requests: an injunction ordering Venettozzi and Lempke to release him from "punitive segregation," to restore his rights and privileges, and to expunge his disciplinary conviction; compensatory damages in the amount of $100,000 against each defendant; and punitive damages ranging from $100,000 to $200,000, against the defendants.

Defendants have moved under Rule 12 to dismiss the official-capacity claims against Heer, Zaluski and Meyer, the defamation claim against Heer, and all the Eighth Amendment claims. They have moved for summary judgment dismissing the official-capacity claims against Lempke, and dismissing as moot plaintiff's claims for injunctive relief against Venettozzi, insofar as plaintiff seeks an end to his "punitive segregation" and the restoration of his rights and privileges.

## DISCUSSION

Defendants have moved to dismiss the official-capacity claims against defendants Heer, Zaluski and Meyer, on the ground that plaintiff seeks only money damages from those defendants.

3

Defendants' motion is granted.  Plaintiff's claims for damages against individual defendants acting in their official capacities are barred by the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state"); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities").  Since plaintiff does not seek injunctive relief against those three defendants, there is no basis for an official-capacity claim against them.  In fact, although the caption of the complaint states that all the defendants are sued in both their individual and official capacities, his claims for damages are explicitly brought against the defendants in their "individual and unofficial capacities."  *See* Complaint at 45-46.

Plaintiff has requested injunctive relief against the other two defendants, Lempke and Venettozzi.  Plaintiff has asked that he be released from "punitive segregation" and that certain privileges be restored to him, which were taken away from him following his disciplinary hearing.  He has also requested that the disciplinary charges of which he was convicted be expunged from his record.

Those claims are now moot, with one exception.  As to plaintiff's claims concerning his disciplinary penalties, by the terms of plaintiff's disciplinary sentence, the penalties in question have all run their course and expired.  In addition, plaintiff was released on parole in February 2018.  He has informed the Court of that fact, *see* Dkt. #51, which is confirmed by the DOCCS Inmate Lookup page, *see* http://nysdoccslookup.doccs.ny.gov/.  Plaintiff's claims for equitable

relief concerning his confinement and loss of privileges are therefore moot. *See Jackson v. Marks*, 722 Fed.Appx. 106, 106 n.1 (2d Cir. 2018) (stating that because plaintiff had been released from incarceration, his claims for declaratory or injunctive relief were moot) (citing *Beyah v. Coughlin*, 789 F.2d 986, 988-89 (2d Cir. 1986)). Since the relevant facts are clear and undisputed, defendants are entitled to summary judgment.

Plaintiff's claim concerning expungement of his record stands on a different footing. In their brief in support of their motion–which was filed prior to plaintiff's release on parole–defendants conceded that plaintiff's request for expungement of his record was not moot, at least at that time. Dkt. #24-4 at 11.

In advance of his release, plaintiff informed the Court that he would be residing at a particular street address in Brooklyn. (Dkt. #51.) In May 2018, however, he notified the Court that he is now at the Manhattan Detention Center in New York City. It is not clear what led to his confinement there.

It is not apparent from the record whether plaintiff's disciplinary conviction carries with it any consequences now, given his current detention; if so, his request for expungement of his disciplinary record may not be moot. There is also some authority that such a claim is not necessarily mooted by a prisoner's release from custody. *See Walker v. Senkowski*, 260 A.D.2d 830, 830 (3d Dep't 1999) ("although petitioner has been released from custody, this issue cannot be considered moot as petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations") (internal quotation omitted).

Defendants contend that plaintiff's request for equitable relief against Lempke should be dismissed, because Lempke is now retired. *See* Kevin Brown Decl. (Dkt. #24-2) ¶ 4. Defendants argue that Lempke is therefore not in a position to grant plaintiff any equitable relief.

To the extent that Lempke is sued in his official capacity, however, it is immaterial whether he has retired. *See Brodheim v. Cry*, No. 02-cv-0573, 2010 WL 3943558, at *1 (E.D.Cal. Oct. 7, 2010) (stating that "[b]ecause the originally-named defendants [who had since retired] were sued only in their official capacities for declaratory and injunctive relief, and the newly-identified individuals are successors in the official capacities held by the named defendants, the current Warden and Deputy Warden are already parties to this action").[3] Since it is not evident at this point which official or officials have the necessary authority to expunge plaintiff's disciplinary conviction (assuming that plaintiff is even entitled to such relief), defendants' motion to dismiss the official-capacity claim against Lempke is denied.

Defendants contend that plaintiff's defamation claim against defendant Heer is barred by New York Correction Law § 24. That statute provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within

---

[3] In support of their motion, defendants cite this Court's decision in *Barnes v. Fedele*, 760 F.Supp.2d 296 (W.D.N.Y. 2011), stating that "[i]f it is determined at some point ... that a particular defendant or defendants are not in a position to give plaintiff any equitable relief, then some or all of the official-capacity claims may be subject to dismissal." *Id.* at 301. But it is evident from the Court's discussion of that issue that the Court was not referring to whether any particular defendant had retired, or still held the position in question. The issue was simply whether the current holder of that position, whoever it might be, would have the ability to grant the equitable relief sought by the plaintiff. In addition, the Court in *Barnes* actually *denied* (without prejudice) the defendants' motion to dismiss the official-capacity claims, since it was unclear at that point which, if any, defendants might be empowered to grant the requested relief. *Id. See also Nevarez v. Hunt*, 770 F.Supp.2d 565, 568 (W.D.N.Y. 2011) ("While it is not clear at this point which official would have the power to effectuate such an expungement, the Court will allow plaintiff to proceed with his official-capacity claim against Superintendent Hunt, seeking such equitable relief").

6

the scope of the employment and in the discharge of the duties by such officer or employee.

*See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (Section 24 bars prisoners from bringing state-law claims against correction officers in state or federal courts).

Heer's alleged acts giving rise to this claim were clearly performed within the scope of his duties, and therefore may only "be maintained in the New York Court of Claims as a claim against the State of New York." *Heyliger v. Gebler*, No. 06-CV-6220, 496 F.Supp.2d 250, 252 (W.D.N.Y. July 24, 2007). *See also Cruz v. New York*, 24 F.Supp.3d 299, 309 (W.D.N.Y. 2014) (stating that the test to determine whether the defendant's actions fell within the scope of his employment is "whether the act was done while the servant was doing his master's work no matter how irregularly, or with what disregard of the instructions") (citing *Cepeda v. Coughlin*, 128 A.D.2d 995, 996 (3d Dep't 1987)).

Plaintiff's claims for damages under the Eighth Amendment to the United States Constitution, which are based on the conditions of his confinement when he was in SHU, are brought against defendants Heer, Meyer, Lempke and Venettozzi. Those claims must be dismissed in their entirety.

An Eighth Amendment claim based on prison conditions must satisfy "both an objective element–that the prison official's transgression was 'sufficiently serious'–and a subjective element–that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.*, with 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As to the objective element, while the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*,

7

452 U.S. 337, 346 (1981), prison inmates may not be denied "the minimal civilized measure of life's necessities." *Id.* at 347. The Supreme Court has held that the Eighth Amendment requires that inmates not be deprived of their "basic human needs–*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling*, 509 U.S. at 32 (internal citation and quotation omitted). "Nor may prison officials expose prisoners to conditions that 'pose an unreasonable risk of serious damage to [their] future health.'" *Phelps*, 308 F.3d at 185 (quoting *Helling*, 509 U.S. at 35). The Eighth Amendment's objective prong requires an inmate to "prove that the conditions of his confinement violate[d] contemporary standards of decency." *Id.*

As to the subjective element, the Supreme Court has stated that

a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. The "deliberate indifference" element is equivalent to criminal law's reckless-indifference standard. *Id.* at 839-40.

In the case at bar, plaintiff has alleged that during his confinement in SHU, he was subjected to certain adverse conditions: confinement to his cell for 23 hours a day, loss of visitation and telephone privileges, and so on. But he has not alleged that his conditions of confinement were severe enough to violate his Eighth Amendment rights.

The conditions of which plaintiff complains were, based on plaintiff's allegations, simply those that are normally associated with SHU confinement. As such, they do not give rise to an Eighth Amendment claim. *See Booker v. Maly*, No. 12-CV-246, 2014 WL 1289579, at *16 (N.D.N.Y. Mar. 31, 2014) ("Restrictive SHU conditions on their own do not per se rise to the

level of cruel and unusual punishment") (citations omitted); *Gulley v. Roach*, No. 02-CV-908, 2004 WL 2331922, at *11 (W.D.N.Y. Oct. 15, 2004) (inmate "merely subjected to normal SHU confinement" cannot establish an Eighth Amendment claim). In addition, to the extent that plaintiff alleges that his SHU confinement resulted from the allegedly false disciplinary charges, or allegedly unfair disciplinary proceedings, the link between those actions and his conditions of confinement are too attenuated to support a claim. *See Elder v. McCarthy*, No. 14-CV-6216, 2015 WL 5254290, at *8 (W.D.N.Y. Sept. 9, 2015).

Plaintiff has alleged that during his SHU confinement, he was denied visits from his lawyer. But as this Court noted in its Decision and Order (Dkt. #23) denying plaintiff's motion for a preliminary injunction, plaintiff has never alleged any facts in support of that allegation. He has not alleged any specific occasion on which this occurred, or identified any particular attorney who was prevented from visiting him.

While plaintiff's Eighth Amendment claims are subject to dismissal on those grounds alone, I also find that plaintiff has failed to allege facts supporting the subjective prong of this claim. Even generously construed, plaintiff's allegations do not show that defendants were aware of any significant risks to his health or safety, that they were deliberately indifferent to such risks, or that they intended to cause him harm of a constitutional dimension. *See Barnes v. County of Monroe*, 85 F.Supp.3d 696, 739 (W.D.N.Y. 2015).

## CONCLUSION[4]

Defendants' motion to dismiss and for summary judgment (Dkt. #24) is granted in part and denied in part. Plaintiff's claims against defendants Heer, Zaluski and Meyer in their official capacities are dismissed.

Plaintiff's claims for equitable relief against defendants Lempke and Venettozzi, in their official capacities, are dismissed, except to the extent that plaintiff seeks expungement of his disciplinary conviction from his record. To that extent, defendants' motion is denied.

Plaintiff's defamation claim against defendant Heer is dismissed.

All of plaintiff's Eighth Amendment claims are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 16, 2018.

---

[4] The scope of this Decision and Order is limited to the matters raised in defendants' motion, which does not on its face seek dismissal of the entire complaint. Thus, the Court expresses no opinion on the merits of plaintiff's other claims, or on any possible defenses that defendants might have with respect to those claims.